**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JAN 24 2023

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YAN BAO CHEN, | No.    20-71501 |
| Petitioner, | |
| v. | Agency No. A208-990-435 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2023**

Before:    GRABER, PAEZ, and NGYUEN, Circuit Judges.

Yan Bao Chen, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ's") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on an inconsistency between Chen's declaration and his testimony regarding his brother's cause of death, his demeanor, and his nonresponsive testimony. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Manes v. Sessions*, 875 F.3d 1261, 1263-64 (9th Cir. 2017) (agency's demeanor finding was supported where IJ provided "specific, first-hand observations," and an inconsistency between applicant's testimony and documentary evidence undermined credibility); *Lalayan v. Garland*, 4 F.4th 822, 839 (9th Cir. 2021) ("To support an adverse credibility determination based on unresponsiveness, the BIA must identify particular instances in the record where the petitioner refused to answer questions asked of him." (internal alteration, quotation marks and citation omitted)). Chen's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Chen's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We do not address Chen's contentions as to merits of his claims because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Substantial evidence also supports the agency's denial of CAT protection because Chen's claim was based on the same testimony the agency found not credible, and Chen does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured in China. *See Farah*, 348 F.3d at 1157.

We do not consider the materials Chen references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**